**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION**

| | |
|---|---|
| **YIPING LUAN,** | |
| **Plaintiff,** | **MEMORANDUM DECISION & ORDER** |
| **v.** | **Case No. 2:13-cv-00983** |
| **ADVANCED TITLE INSURANCE AGENCY, L.C., MARCEL GILES; and WESTCOR LAND TITLE INSURANCE COMPANY, a California corporation,** | **United States District Court Dee Benson** |
| | **Magistrate Judge Dustin Pead** |
| **Defendants.** | |

## I.    INTRODUCTION[1]

Yiping Luan ("Luan"), a citizen of China, sought to purchase a home in the State of Utah for approximately $200,000 (doc. 19, ¶12).  As a foreign citizen, Luan was unable to obtain lender approval for a mortgage (*id.,* ¶13).  Consequently, Luan contacted Advanced Title Insurance's ("Advanced Title") agent, Marcel Giles ("Mr. Giles"), who advised Luan to wire money to Advanced Title's trust account (*id.*, ¶¶12-14).[2]  Based thereon, Luan sent four separate $50,000.00 wire transfers to Mr. Giles and Advanced Title to be held in escrow pending the purchase of her home (*id*., ¶16).  Luan alleges that after wiring the funds, unknown hackers impersonating her emailed Mr. Giles and directed him to wire the money back to China.  As a result of these fraudulent emails, Luan asserts that $150,000 of her money was improperly wired

---

[1]This case is before the magistrate judge pursuant to a 28 U.S.C. §636(b)(1)(a) referral from District Court Judge Dee Benson (doc. 42).

[2]Luan's sister, Peggy, a Utah resident, was previously involved in several successful real estate transactions with Mr. Giles and recommended him to Luan (doc. 19, ¶11).

to unknown persons or entities thereby resulting in the loss of her money.

On October 29, 2013, Luan filed suit against Advanced Title and Mr. Giles (doc. 2), later amending her complaint to include claims against Westcor Land Title Insurance ("Westcor") (doc. 19).  On March 12, 2015, Westcor filed a motion for partial summary judgment asserting that Advanced Title and Mr. Giles were not acting as its agents and the prerequisites for Westcor's liability, pursuant to Utah Code Ann. § 31A-23a-407, did not exist (doc. 32). Westcor's motion for partial summary judgment was denied by the District Court on July 28, 2015 (doc. 66).

Currently pending before this court is: (1) Westcor's "Motion For Protective Order" (doc. 54); and (2) Luan's "Motion For Leave To Depose Westcor And Its Employee Jennifer Shaw" (doc. 60).  The Court has carefully reviewed the motions and memoranda submitted by the parties and concludes that oral argument would not materially assist in its determination of these matters.  *See* DUCivR 7-1(f).

## II.    PENDING MOTIONS

On February 23, 2015, Luan noticed Westcor's 30(b)(6) deposition requesting the production of documents and a witness prepared to testify on designated subjects (doc. 54-1).[3]

 On April 7, 2015, regional counsel Robert Rice testified as Westcor's 30(b)(6) corporate

---

[3] Relevant to the pending motions is Luan's request for: "bulletins, given by Westcor to title agencies or title companies using Westcor as an underwriter, regarding the standards and processes required of title agencies or title companies in the receipt of or payment of money by international wires" (doc. 59-1, p. 6 ¶ 2(d)(vii).  Additionally, the notice requested production of a witness prepared to testify on "standards and processes required of title agencies or title companies using Westcor as an underwriter regarding the receipt of or payment of money by international wires" (*id.*, p. 5 ¶ 2(c)(ii).

designee (doc. 54-2).  During the deposition, Luan requested production of additional materials

(doc. 63-1),[3] which were subsequently provided to Luan on April 17, 2015 (doc. 59-1, Exhibit

B).[4]  Included in the additional materials provided were documents related to Westcor's

continuing education classes on cyber-crimes and security, along with a PowerPoint presentation,

prepared by Western Region Auditor Jennifer Shaw, addressing internal procedures for

safeguarding escrow funds (*id.* Exhibit C).

On June 4, 2015, Luan noticed Westcor's second 30(b)(6) deposition (doc. 59-1).

Immediately thereafter, Westcor filed a motion for protective order seeking to strike the notice as

procedurally improper (doc. 54).  In response, Luan filed her opposition to the protective order

along with a formal request for leave to depose Westcor employee Jennifer Shaw (doc. 60).  Each

motion is addressed herein.

### A.  Westcor's Motion For Protective Order

Rule 26(c) provides for the issuance of a protective order to limit or eliminate discovery

sought upon a showing of "good cause".  Fed R. Civ. P. 26(c) (for good cause the court issue an

order to protect from "annoyance, embarrassment, oppression, or undue burden or expense. . . ").

Westcor asserts that a protective order should be issued and the June 4, 2015, notice of

deposition stricken, based upon Luan's failure to obtain leave of court prior to noticing Westcor's

---

[3]The requested materials relevant to the pending motions include Luan's request Number 3 for, "[o]utlines used in [sic] Westcor in its continuing education classes from 2009 to the present and if a class was on use of escrow money or wire transactions, the material used in the class." (doc. 63-1), and, Request Number 6 for "[t]he materials handed out to Marcel at the First American continuing education class." (*Id.*).

[4]The information provided included materials:  (1) relating to Advanced's application to Westcor; and (2) relating to "CLE" courses provided by Westcor since Advanced became an agent (doc. 59-1).

second 30(b)(6) deposition (doc. 54).

Absent a stipulation, Federal Rule of Civil Procedure 30 requires a party to obtain leave of the court before taking the deposition of a deponent who has previously been deposed.  Fed. R. Civ. P. 30(a)(ii) ("A party must obtain leave of the court, . . . if the deponent has already been deposed in the case").  Although Luan failed to obtain leave of court prior to issuing her deposition notice, on June 23, 2015, Luan filed a formal motion requesting leave to conduct the second deposition of Westcor (doc. 60).  Accordingly, the court finds any prior procedural deficiencies related to the deposition notice are moot and Westcor's motion for protective order is denied (doc. 54).

### B.  Luan's Motion For Leave

On June 23, 2015, Luan filed her motion for leave to take the second deposition of Westcor and its employee Jennifer Shaw (doc. 60); *see* Fed. R. Civ. P. 30 (party must obtain leave of the court to take deposition if "deponent has already been deposed in the case").   Luan argues a second deposition is necessary since documents relevant to Westcor's safeguarding procedures should have been produced prior to the initial deposition (doc. 59). Further, Luan asserts Westcor's witness, Robert Rice, was unprepared to testify and therefore the deposition of Jennifer Shaw, an individual knowledgeable on relevant topics, is necessitated.[5]  Westcor opposes Luan's motion arguing the "new" materials were only first requested during Westcor's initial deposition and Mr. Rice was sufficiently prepared to testify on all topics set forth in the initial deposition notice (doc. 63).

---

[5]Luan presents her arguments in support of Westcor's second deposition in her "Opposition To Westcor's Motion For Protective Order" (doc. 59) and not in her "Motion For Leave To Depose" (doc. 60).

Absent a showing of need or good cause, "[c]ourts generally disfavor repeat depositions."

*Dixon v. Certainteed Corp.,* 164 F.R.D. 685, 690 (D. Kan. 1996) (internal quotation and citation

omitted); *Cf. Judicial Watch, Inc. v. United States DOC,* 34 F. Supp. 2d 47, 54 (D.D.C. 1998)

("[l]eave to conduct a second deposition should ordinarily be granted.").  In turn, courts must

also "be careful not to deprive a party of discovery that is reasonably necessary to afford a fair

opportunity to develop and prepare the case." *Ast v. BNSF Ry. Co.,* 2011 U.S. Dist. LEXIS 12383

*4 (internal citations omitted); *see also Hickman v. Taylor,* 329 U.S. 495, 501 (1947) ("[t]he

deposition-discovery rules are to be accorded a broad and liberal treatment.").

Overall, a court's decision to grant or deny a request for leave to re-depose a witness is

guided by federal rule 26.  Rule 26 requires the court to limit discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative,
> or can be obtained from some other source that is more convenient,
> less burdensome, or less expensive; (ii) the party seeking discovery
> has had ample opportunity to obtain the information by discovery in
> the action; or (iii) the burden or expense of the proposed discovery
> outweighs its likely benefit, considering the needs of the case, the
> amount in controversy, the parties' resources, the importance of the
> issues at stake in the litigation, and the importance of the proposed
> discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C); *Moore's Federal Practice*–Civil § 30.05 (2015).  Applying these

factors, the court finds good cause sufficient to grant Luan's request for leave to take a second

30(b)(6) deposition of Westcor.

The materials referencing cyber security and the safeguarding of escrow funds were not

provided by Westcor in conjunction with the original document request (doc. 54-1).  This is

supported by Luan's April 8, 2015, correspondence to Westcor confirming her request for

additional documentation (doc. 63-1) ("At the depositions, I made the following requests").  The

5

court declines to determine whether the referenced materials were encompassed within the scope of Luan's original production requests.  Instead, based simply upon the relevance of the information to the underlying case, along with the absence of any overwhelming burden placed upon Westcor, good cause exists for a second deposition.  *See* Fed. R. Civ. P. 26(b)(2).  In so concluding, the court seeks to temper Westcor's concerns surrounding the cumulative nature of a second deposition by limiting the deposition itself to specific, discrete areas of inquiry not explored at the prior deposition.  *Id.*  The deposition shall be limited to only those topics directly related to the "new" materials produced (doc. 59-1) and attached as Exhibits to Luan's opposition to Westcor's motion for a protective order (doc. 59-1, Exhibit C).

In addition, pursuant to Rule 30(b)(6) it is the organization to be deposed that is charged with designating a witness to testify on its behalf.  Fed. R. Civ. P. 30(b)(6); *see Stone v. Morton Int'l. Inc.,*170 F.R.D. 498, 500 (D. Utah 1997). [6]  The designated witness should be prepared to testify on all topics of inquiry and the corporation is obligated to prepare its deponent to fully answer questions on the designated subject matters.  *See Raytheon Aircraft Co. v. United States,* 2007 U.S. Dist. LEXIS 66156 at *11 (D. Kan. Sept. 6, 2007) (*citing Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.,* 236 F.R.D. 524, 527 (D. Kan. 2006)).  Based thereon, Luan's request to

---

[6] Federal Rule of Civil Procedure 30(b)(6) provides:

> In its notice or subpoena, a party may name as the deponent
> a public or private corporation. . . and must describe with
> reasonable particularity the matters for examination.  The
> named organization must then designate one or more officers,
> directors or managing agents or designate other persons who
> consent to testify on its behalf. . . The persons designated must
> testify about information known or reasonably available to the
> organization.  Fed. R. Civ. P. 30(b)(6).

depose Westcor employee Jennifer Shaw is denied.  While Westcor is entitled to designate Ms. Shaw as its witness, such decision ultimately remains within the purview of Westcor the corporate entity and not Luan the individual conducting the deposition.

**III.    ORDER**

Accordingly, as set forth herein:

1.  Westcor's Motion For Protective Order is DENIED (doc. 54).

2.  Luan's Motion To For Leave is GRANTED in part and DENIED in part (doc. 60).

Luan's request to depose Westcor employee Jennifer Shaw is denied.  Luan's motion to conduct a second 30(b)(6) deposition of Westcor is granted subject to the specific limitations set forth herein.

DATED this 12th day of August, 2015.

_____
Dustin Pead
U.S. Federal Magistrate Judge